**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
(732) 549-5600
Attorneys for: Defendants Kennedy Funding, Inc.,
Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST FORK INVESTMENT GROUP, LLC (a Limited Liability Company organized under the laws of the State of North Carolina),<br><br>Plaintiff,<br><br>v.<br><br>KENNEDY FUNDING, INC. (A New Jersey Corporation); JEFFREY WOLFER; KEVIN WOLFER; GREGG WOLFER; JOHN DOE 1-10 (Fictitious names for the person(s), attorneys and/or entity responsible for the damages complained of by the Plaintiff herein),<br><br>Defendants. | Civil Action No. 2:09-cv-01193 (SDW-MCA)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS KENNEDY FUNDING, INC., JEFFREY WOLFER, KEVIN WOLFER AND GREGG WOLFER** |

Defendants, Kennedy Funding, Inc. ("Kennedy"), with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, Jeffrey Wolfer, with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, Kevin Wolfer, with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, and Gregg Wolfer, with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, (collectively, "Defendants"), by way of Answer to the Complaint of Plaintiff, East Fork Investment Group, LLC ( "Plaintiff"), hereby state as follows:

1104470.01

## AS TO JURISDICTION

1.    The statement in paragraph 1 constitutes a statement of Plaintiff's motive, to which no response is required and to which no response is provided.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

3.    Defendants admit that Plaintiff is alleging damages in excess of $75,000.00.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

## AS TO FACTS COMMON TO ALL COUNTS OF COMPLAINT

1.    Defendants admit the allegations contained in paragraph 1.

2.    Defendants admit the allegations contained in paragraph 2.

3.    Defendants admit the allegations contained in paragraph 3.

4.    Defendants admit the allegations contained in paragraph 4.

5.    Defendants admit the allegations contained in paragraph 5.

6.    Defendants admit the allegations contained in paragraph 6.

7.    Defendants admit the allegations contained in paragraph 7.

8.    Defendants admit the allegations contained in paragraph 8.

9.    Defendants admit the allegations contained in paragraph 9.

10.    Defendants admit the allegations contained in paragraph 10.

11.    Defendants admit the allegations contained in paragraph 11.

12.    Defendants admit the allegations contained in paragraph 12.

13.    Defendants admit the allegations contained in paragraph 13.

14.    Defendants admit the allegations contained in paragraph 14.

1104470.01

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. The statement in paragraph 17 constitutes a statement to which no response is required and to which no response is provided.

18. The statement in paragraph 18 constitutes a statement to which no response is required and to which no response is provided.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit the allegations contained in paragraph 20.

21. Defendants admit the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23, except Defendants admit that Kennedy is engaged in the business of commercial real estate lending.

24. Defendants admit the allegations contained in paragraph 24.

25. Defendants admit the allegations contained in paragraph 25.

26. Defendants admit the allegations contained in paragraph 26.

27. Defendants admit the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

29. Defendants deny the allegations contained in paragraph 29, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

3

1104470.01

30.    Defendants deny the allegations contained in paragraph 30, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

31.    Defendants deny the allegations contained in paragraph 31, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

32.    Defendants deny the allegations contained in paragraph 32, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

33.    Defendants deny the allegations contained in paragraph 33, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

34.    Defendants deny the allegations contained in paragraph 34, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

35.    Defendants deny the allegations contended in paragraph 35, expect Defendants admit that they are experienced in the area commenced real estate lending.

36.    The statement in paragraph 36 constitutes a legal conclusion, to which no response is required and to which no response is provided.  Answering further, Defendants admit that they are experienced in the area of commercial real estate lending.

37.    Defendants admit the allegations contained in paragraph 37.

4

38.    Defendants deny the allegations contained in paragraph 38, except Defendants admit that Kennedy maintains a website, the content of which speaks for itself and provides the best evidence of its content.

39.    Defendants deny the allegations contained in paragraph 39, except Defendants admit that Kennedy has executed loan commitments with other potential borrowers and has closed over 100 commercial real estate loans.

40.    Defendants deny the allegations contained in paragraph 40, except Kennedy admits that potential borrowers who had executed Loan Commitment Agreements with Kennedy have been unwilling or unable to close a loan with Kennedy.

41.    Defendants deny the allegations contained in paragraph 41, except Kennedy admits that potential borrowers who had executed Loan Commitment Agreements with Kennedy have been unwilling or unable to close a loan with Kennedy.

42.    Defendants admit the allegations contained in paragraph 42, except Defendants state that the loan documents clearly establish the construction holdback amount.

43.    Defendants deny the allegations contained in paragraph 43, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

44.    Defendants deny the allegations contained in paragraph 44, except Defendants admit that Plaintiff has made a demand with regard to information concerning co-lenders.

45.    Defendants deny the allegations contained in paragraph 45, except Defendants admit that the settlement statement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

46. Defendants deny the allegations contained in paragraph 46, except Defendants admit that the HUD statement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

47. Defendants deny the allegations contained in paragraph 47, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

48. Defendants deny the allegations contained in paragraph 48, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

49. Defendants deny the allegations contained in paragraph 49, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

50. Defendants deny the allegations contained in paragraph 50, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

51. Defendants deny the allegations contained in paragraph 51, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

52. Defendants deny the allegations contained in paragraph 52, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

53. Defendants deny the allegations contained in paragraph 53, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

54. Defendants deny the allegations contained in paragraph 54, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

55. Defendants deny the allegations contained in paragraph 55, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

56. Defendants deny the allegations contained in paragraph 56, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

57. Defendants admit the allegations contained in paragraph 57.

58. Defendants deny the allegations contained in paragraph 58, except Defendants admit that the loan and security agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

59. Defendants deny the allegations contained in paragraph 59, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

60. Defendants deny the allegations contained in paragraph 60, except Defendants admit that the testimony of Matthew C. Cole is a court record the contents of which speak for themselves and provide the best evidence of its content.

61. Defendants deny the allegations contained in paragraph 61.

7

62.    Defendants deny the allegations contained in paragraph 62.  Answering further, Kennedy has closed loans some of which have contained construction holdbacks.

63.    Defendants deny the allegations contained in paragraph 63, except Defendants admit there are presently construction loans in which Kennedy is the agent for co-lenders and in which the construction funds have yet to be advanced.

64.    Defendants deny the allegations contained in paragraph 64.

65.    Defendants deny the allegations contained in paragraph 65.

66.    Defendants deny the allegations contained in paragraph 66, except Defendants admit that Kennedy is not required to be licensed to act as a lender.

67.    Defendants deny the allegations contained in paragraph 67, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

68.    Defendants deny the allegations contained in paragraph 68, except Defendants admit that the closing statement is a document the terms and conditions of which speak for themselves and provide the best evidence of their content.

69.    Defendants deny the allegations contained in paragraph 69, except Defendants admit that the HUD statement is a document the terms and conditions of which speak for themselves and provide the best evidence of their content.

70.    Defendants deny the allegations contained in paragraph 70, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

8

71.    Defendants deny the allegations contained in paragraph 71, except Defendants admit that the settlement statement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

72.    Defendants deny the allegations contained in paragraph 72, except Defendants admit that the settlement statement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

73.    Defendants deny the allegations contained in paragraph 73, except Defendants admit that the testimony of Matthew C. Cole is a court record the contents of which speak for themselves and provide the best evidence of its content.

74.    Defendants deny the allegations contained in paragraph 74, except Defendants admit that the agreements executed at closing with other Borrowers are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

75.    Defendants deny the allegations contained in paragraph 75, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

76.    Defendants deny the allegations contained in paragraph 76, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

77.    Defendants deny the allegations contained in paragraph 77, except Defendants admit that the promissory note is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

9

78.    Defendants deny the allegations contained in paragraph 78, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

79.    Defendants deny the allegations contained in paragraph 79, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

80.    Defendants deny the allegations contained in paragraph 80, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

81.    Defendants deny the allegations contained in paragraph 81, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

82.    Defendants deny the allegations contained in paragraph 82, except Defendants admit that the loan commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

83.    Defendants deny the allegations contained in paragraph 83.

84.    Defendants deny the allegations contained in paragraph 84.

85.    Defendants deny the allegations contained in paragraph 85, except Defendants admit that the promissory note is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

86.    Defendants deny the allegations contained in paragraph 86, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

87.    Defendants deny the allegations contained in paragraph 87, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

88.    Defendants deny the allegations contained in paragraph 88, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

89.    Defendants deny the allegations contained in paragraph 89, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

90.    Defendants deny the allegations contained in paragraph 90, except Defendants admit that the documents executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

91.    Defendants deny the allegations contained in paragraph 91, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

92.    Defendants deny the allegations contained in paragraph 92, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore deny the same, except Defendants admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore deny the same, except Defendants

11

admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore deny the same, except Defendants admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

96. Defendants deny the allegations contained in paragraph 96, except Defendants admit that the entity of which Bernard Volpe is a principal has performed evaluations for Kennedy.

97. Defendants deny the allegations contained in paragraph 97, except Defendants admit that the evaluation provided by Volpe Real Estate Advisors, Inc. is a document the terms and conditions of which speak for themselves and provide the best evidence of its contents.

98. Defendants deny the allegations contained in paragraph 98, except Defendants admit that the evaluation provided by Volpe Real Estate Advisors, Inc. is a document the terms and conditions of which speak for themselves and provide the best evidence of its contents.

99. Defendants deny the allegations contained in paragraph 99.

100. Defendants deny the allegations contained in paragraph 100, except Defendants admit Bernard Volpe filed an affidavit in Kimball Management, LLC v. Kennedy Funding, Inc. et al., the terms and conditions of which speak for themselves and provide the best evidence of its content.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore deny the same, except Defendants

12

1104470.01

admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

102. Defendants deny the allegations contained in paragraph 102, except Defendants admit that the loan closing statement is a document the terms and conditions of which speak for themselves and provide the best evidence of their content.

103. Defendants deny the allegations contained in paragraph 103, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

104. Defendants deny the allegations contained in paragraph 104, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

105. Defendants deny the allegations contained in paragraph 105, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

106. Defendants deny the allegations contained in paragraph 106, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

107. Defendants deny the allegations contained in paragraph 107, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

108. Defendants deny the allegations contained in paragraph 108, except Defendants admit that Plaintiff's first draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

109. Defendants deny the allegations contained in paragraph 109, except Defendants admit that Kennedy Funding, Inc. forwarded the sum of $653,278.01 to Plaintiff.

110. Defendants deny the allegations contained in paragraph 110, except Defendants admit that Plaintiff's second draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

111. Defendants deny the allegations contained in paragraph 111, except Defendants admit that Kennedy forwarded the sum of $765,699.35 to Plaintiff.

112. Defendants deny the allegations contained in paragraph 112, except Defendants admit that Plaintiff's third draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

113. Defendants deny the allegations contained in paragraph 113, except Defendants admit that Kennedy Funding, Inc. forwarded the sum of $847,635.18 to Plaintiff.

114. Defendants deny the allegations contained in paragraph 114, except Defendants admit that Plaintiff's fourth draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

115. Defendants deny the allegations contained in paragraph 115, except Defendants admit that Kennedy Funding, Inc. forwarded the sum of $255,708.26 to Plaintiff.

116. Defendants deny the allegations contained in paragraph 116, except Defendants admit that Plaintiff's fifth draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

117. Defendants deny the allegations contained in paragraph 117, except Defendants admit that Kennedy Funding, Inc. forwarded the sum of $563,307.24 to Plaintiff.

1104470.01

118. Defendants deny the allegations contained in paragraph 118, except Defendants admit that Plaintiff's sixth draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

119. Defendants deny the allegations contained in paragraph 119, except Defendants admit that, pursuant to the terms of the Agreements between the parties, Kennedy did not fund the sixth draw request made by Defendants.

120. Defendants deny the allegations contained in paragraph 120, except Defendants admit that Plaintiff's seventh draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

121. Defendants deny the allegations contained in paragraph 121, except Defendants admit that, pursuant to the terms of the Agreements between the parties, Kennedy did not fund the seventh draw request made by Defendants.

122. Defendants deny the allegations contained in paragraph 122.

123. Defendants deny the allegations contained in paragraph 123, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

124. Defendants deny the allegations contained in paragraph 124.

125. Defendants deny the allegations contained in paragraph 125, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

126. Defendants deny the allegations contained in paragraph 126, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

127.   Defendants deny the allegations contained in paragraph 127, except Defendants admit that Kennedy Funding, Inc. engaged the services of Volpe Real Estate Advisors, Inc. to evaluate the collateral.

128.   Defendants deny the allegations contained in paragraph 128, except Defendants admit that as part of the construction advance process set forth in the loan documents, Kennedy would request that Bernard Volpe evaluate the collateral, in accordance with the terms and conditions of the loan documents.

129.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, and therefore deny the same.

130.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore deny the same.

131.   Defendants deny the allegations contained in paragraph 131.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore deny the same.

133.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, and therefore deny the same.

134.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore deny the same.

135.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore deny the same.

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore deny the same.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore deny the same.

138.    Defendants deny the allegations contained in paragraph 138.

## HIGH GROVE DEVELOPMENT, LLC

139.    Defendants admit the allegations contained in paragraph 139.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and therefore deny the same.

141.    Defendants admit the allegations contained in paragraph 141, except Defendants state further that the loan documents clearly set forth the construction holdback amount.

142.    Defendants deny the allegations contained in paragraph 142, except Defendants admit that the settlement statement and HUD statement are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

143.    Defendants deny the allegations contained in paragraph 143, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

144.    Defendants deny the allegations contained in paragraph 144, except Defendants admit that the loan commitment and the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

145.    Defendants deny the allegations contained in paragraph 145, except Defendants admit that the loan commitment and the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

146.    Defendants admit the allegations contained in paragraph 146.

17

1104470.01

147.    Defendants deny the allegations contained in paragraph 147, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

148.    Defendants deny the allegations contained in paragraph 148, except Defendants admit that the loan and security agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

149.    Defendants deny the allegations contained in paragraph 149, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

150.    Defendants deny the allegations contained in paragraph 150, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

151.    Defendants deny the allegations contained in paragraph 151, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

152.    Defendants deny the allegations contained in paragraph 152, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

153.    Defendants deny the allegations contained in paragraph 153, except Defendants admit that the promissory note executed at closing is a document the terms and conditions of which speak for themselves and provide the best evidence of their content.

154.    Defendants deny the allegations contained in paragraph 154, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

155.    Defendants deny the allegations contained in paragraph 155, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

156.    Defendants deny the allegations contained in paragraph 156, except Defendants admit that the promissory note executed at closing is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

157.    Defendants deny the allegations contained in paragraph 157, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

158.    Defendants deny the allegations contained in paragraph 158, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

159.    Defendants deny the allegations contained in paragraph 159, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

160.    Defendants deny the allegations contained in paragraph 160, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

161. Defendants deny the allegations contained in paragraph 161, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

162. Defendants deny the allegations contained in paragraph 162, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

163. Defendants deny the allegations contained in paragraph 163, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

164. Defendants deny the allegations contained in paragraph 164, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

165. Defendants deny the allegations contained in paragraph 165, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

166. Defendants deny the allegations contained in paragraph 166, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

167. Defendants deny the allegations contained in paragraph 167, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

168. Defendants deny the allegations contained in paragraph 168, except Defendants admit that Plaintiff's first draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

169. Defendants deny the allegations contained in paragraph 169, except Defendants admit that Kennedy forwarded the sum of $593,301.27 to Plaintiff.

170. Defendants deny the allegations contained in paragraph 170, except Defendants admit that Plaintiff's second draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

171. Defendants deny the allegations contained in paragraph 171, except Defendants admit that Kennedy forwarded the sum of $152,645.54 to Plaintiff.

172. Defendants deny the allegations contained in paragraph 172, except Defendants admit that Plaintiff's third draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

173. Defendants admit the allegations contained in paragraph 173.

174. Defendants deny the allegations contained in paragraph 174, except Defendants admit that Plaintiff's fourth draw request is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

175. Defendants admit the allegations contained in paragraph 175.

176. Defendants deny the allegations contained in paragraph 176.

177. Defendants deny the allegations contained in paragraph 177, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

178. Defendants deny the allegations contained in paragraph 178.

21

179.    Defendants deny the allegations contained in paragraph 179, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

180.    Defendants deny the allegations contained in paragraph 180, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

181.    Defendants deny the allegations contained in paragraph 181, except Defendants admit that Kennedy engaged the services of Volpe Real Estate Advisors, Inc. to evaluate the collateral.

182.    Defendants deny the allegations contained in paragraph 182, except Defendants admit that as part of the construction advance process set forth in the loan documents, Kennedy would request that Bernard Volpe evaluate the collateral, in accordance with the terms and conditions of the loan documents.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore deny the same.

184.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184, and therefore deny the same.

185.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185, and therefore deny the same.

186.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, and therefore deny the same.

187.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187, and therefore deny the same.

1104470.01

188. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188, and therefore deny the same.

189. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189, and therefore deny the same.

190. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190, and therefore deny the same.

## VIRGIL W. SHELTON

191. Defendants admit the allegations contained in paragraph 191.

192. Defendants deny the allegations contained in paragraph 192, except Defendants admit that the jury verdict speaks for itself and provides the best evidence of its content.

193. Defendants admit the allegations contained in paragraph 193.

194. The allegations contained in paragraph 194 are incomprehensible, and therefore are denied.

195. Defendants deny the allegations contained in paragraph 195.

196. Defendants deny the allegations contained in paragraph 196.

197. Defendants deny the allegations contained in paragraph 197.

## CARIBBEAN BAY CLUB, LLC

198. Defendants deny the allegations contained in paragraph 198, except Defendants admit that Kennedy Funding, Inc. and Caribbean Bay Club, LLC (hereinafter "Caribbean") executed a loan commitment which is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

199. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199, and therefore deny the same.

200.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200, and therefore deny the same.

201.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201, and therefore deny the same.

202.    Defendants admit the allegations contained in paragraph 202.

203.    Defendants admit the allegations contained in paragraph 203.

204.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204, and therefore deny the same.

205.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205, and therefore deny the same.

206.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206, and therefore deny the same.

207.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207, and therefore deny the same.

208.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208, and therefore deny the same.

209.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209, and therefore deny the same.

210.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210, and therefore deny the same, except Defendants admit that the documentation provided by Plaintiff indicates that the "Bella Venetia" property consisted of 407.14 acres located at 899 Knights Trail Road, Venice, Florida.

1104470.01

211. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211, and therefore deny the same, except Defendants admit that Plaintiff provided an evaluation which appears to have been prepared by Michael T. Twitty.

212. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212, and therefore deny the same, except Defendants admit that the evaluation provided by Plaintiff indicates that Michael T. Twitty is a State-Certified General Appraiser.

213. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213, and therefore deny the same, except Defendants admit that the Michael T. Twitty evaluation report is a document the terms of which speak for themselves and provide the best evidence of its content.

214. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214, and therefore deny the same except Defendants admit that the Michael T. Twitty evaluation report is a document the terms of which speak for themselves and provide the best evidence of its content.

215. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, and therefore deny the same except Defendants admit that the Michael T. Twitty evaluation report is a document the terms of which speak for themselves and provide the best evidence of its content.

216. Defendants deny the allegations contained in paragraph 216, except Defendants admit that one of the lines of credit Kennedy had available to it in 2006 was in the amount of $20 million.

25

217. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217, and therefore deny the same.

218. Defendants admit the allegations contained in paragraph 218.

219. Defendants deny the allegations contained in paragraph 219, except Defendants admit that Kennedy Funding, Inc. had received the Entreken Associates evaluation on the same date as recited on the letter of interest.

220. Defendants deny the allegations contained in paragraph 220, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

221. Defendants deny the allegations contained in paragraph 221, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

222. Defendants deny the allegations contained in paragraph 222, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

223. Defendants deny the allegations contained in paragraph 223, except Defendants admit that Kennedy Funding, Inc. received the $10,000.00 letter of interest fee on July 12, 2006.

224. Defendants deny the allegations contained in paragraph 224, except Defendants admit that Kennedy Funding, Inc. received the sum of $150,000.00 as payment toward the non-refundable commitment fee.

225. Defendants deny the allegations contained in paragraph 225, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

1104470.01

226. Defendants deny the allegations contained in paragraph 226, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

227. Defendants deny the allegations contained in paragraph 227, except Defendants admit that the total amount received by Kennedy in connection with the transaction was $160,000.00.

228. Defendants deny the allegations contained in paragraph 228, except Defendants admit that the document provided by CBC in connection with the transaction appears to be executed by Jacques Cloutier on behalf of CBC and on behalf of himself individually and as guarantor.

229. Defendants admit the allegations contained in paragraph 229.

230. Defendants deny the allegations contained in paragraph 230, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

231. Defendants deny the allegations contained in paragraph 231, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

232. Defendants deny the allegations contained in paragraph 232, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

233. Defendants deny the allegations contained in paragraph 233, except Defendants admit that Kennedy had available to it a line of credit of $20,000,000.00.

27

234.   Defendants deny the allegations contained in paragraph 234, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

235.   Defendants deny the allegations contained in paragraph 235, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

236.   Defendants deny the allegations contained in paragraph 236, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

237.   Defendants deny the allegations contained in paragraph 237, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

238.   Defendants deny the allegations contained in paragraph 238, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

239.   Defendants deny the allegations contained in paragraph 239, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

240.   Defendants deny the allegations contained in paragraph 240, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

1104470.01

241.   Defendants deny the allegations contained in paragraph 241, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

242.   Defendants deny the allegations contained in paragraph 242, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

243.   Defendants deny the allegations contained in paragraph 243, except they admit that Kennedy engaged the services of Volpe Real Estate Advisors, Inc. for the purpose of evaluating the property that was to serve as the collateral for the loan.

244.   Defendants deny the allegations contained in paragraph 244, except Defendants admit that Volpe Real Estate Advisors, Inc., whose principal is Bernard Volpe, performed the evaluation of the collateral.

245.   Defendants deny the allegations contained in paragraph 245, except Defendants admit that the Volpe Real Estate Advisors, Inc. evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

246.   Defendants deny the allegations contained in paragraph 246, except Defendants admit that the letter dated July 24, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

247.   Defendants deny the allegations contained in paragraph 247, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

1104470.01

248. Defendants deny the allegations contained in paragraph 248, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

249. Defendants deny the allegations contained in paragraph 249.

250. Defendants deny the allegations contained in paragraph 250.

251. Defendants deny the allegations contained in paragraph 251, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

252. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252, and therefore deny the same.

253. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253, and therefore deny the same.

254. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254, and therefore deny the same.

255. Defendants deny the allegations contained in paragraph 255, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

256. Defendants deny the allegations contained in paragraph 256, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

257. Defendants deny the allegations contained in paragraph 257.

258. Defendants deny the allegations contained in paragraph 258.

1104470.01

259.    Defendants deny the allegations contained in paragraph 259, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

260.    Defendants deny the allegations contained in paragraph 260, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

261.    Defendants deny the allegations contained in paragraph 261, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

262.    Defendants deny the allegations contained in paragraph 262, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

263.    Defendants deny the allegations contained in paragraph 263, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

264.    Defendants admit the allegations contained in paragraph 264.

265.    Defendants deny the allegations contained in paragraph 265, except they admit that correspondence from Kennedy Funding, Inc. dated August 16, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

266.    Defendants deny the allegations contained in paragraph 266, except they admit that correspondence from Kennedy Funding, Inc. dated August 16, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

267. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267, and therefore deny the same.

268. Defendants deny the allegations contained in paragraph 268, except they admit that Kennedy Funding, Inc. had communications with Sherri Swenson in August 2005 regarding the loan transaction.

269. Defendants admit the allegations contained in paragraph 269. Answering further, Defendants state that despite the fact that CBC accepted Kennedy Funding, Inc.'s loan in the amount of $13,140,000.00, Plaintiff did not take the steps necessary to proceed to a loan closing, and ultimately indicated that it was not moving forward with the loan.

270. Defendants admit the allegations contained in paragraph 270.

271. Defendants deny the allegations contained in paragraph 271, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

272. Defendants deny the allegations contained in paragraph 272, except Defendants admit that they believed they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing date contained in the Loan Commitment Agreement.

273. Defendants deny the allegations contained in paragraph 273, except they admit that they are experienced in the area of commercial real estate lending, and they admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

274. Defendants deny the allegations contained in paragraph 274, except Defendants admit that Kennedy Funding, Inc. and Plaintiff executed a Loan Commitment Agreement dated

1104470.01

July 14, 2006, which is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

275.    Defendants deny the allegations contained in paragraph 275, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

276.    Defendants deny the allegations contained in paragraph 276, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

277.    Defendants deny the allegations contained in paragraph 277.  Answering further, Defendants state that Plaintiff notified Defendants that it did not wish to proceed with the loan.

278.    Defendants deny the allegations contained in paragraph 278.  Answering further, Defendants state that Plaintiff notified Defendants that it did not wish proceed with the loan.

279.    Defendants deny the allegations contained in paragraph 279.  Answering further, Defendants state that Plaintiff notified Defendants that it did not wish to proceed with the loan.

280.    Defendants deny the allegations contained in paragraph 280.  Answering further, Defendants state that Plaintiff notified Defendants that it did not wish proceed with the loan.

281.    Defendants deny the allegations contained in paragraph 281.

282.    Defendants deny the allegations contained in paragraph 282.

283.    Defendants deny the allegations contained in paragraph 283.

284.    Defendants deny the allegations contained in paragraph 284.

285.    Defendants deny the allegations contained in paragraph 285, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

286.    Defendants deny the allegations contained in paragraph 286.

287.    Defendants deny the allegations contained in paragraph 287.

## QUALITY SIGNATURE HOMES, INC.

288.    Defendants deny the allegations contained in paragraph 288, except Defendants admit that Kennedy and Quality Signature Homes, Inc. (hereinafter "Quality") executed a loan commitment which is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content. ·

289.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289, and therefore deny the same.

290.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and therefore deny the same.

291.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291, and therefore deny the same.

292.    Defendants deny the allegations contained in paragraph 292, except Defendants admit that a loan proposal summary was submitted to Kennedy on behalf of Quality.

293.    Defendants deny the allegations contained in paragraph 293, except Defendants admit that Quality and Kennedy executed a Letter of Interest dated October 6, 2005.

294.    Defendants deny the allegations contained in paragraph 294, except Defendants admit that the Letter of Interest is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

295.    Defendants deny the allegations contained in paragraph 295, except Defendants admit that the Letter of Interest is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

296.    Defendants deny the allegations contained in paragraph 296, except Defendants admit that the Letter of Interest is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

297.    Defendants deny the allegations contained in paragraph 297, except Defendants admit that Kennedy received the sum of $10,000.00 in accordance with the terms of the Letter of Interest.

298.    Defendants admit the allegations contained in paragraph 298.

299.    Defendants deny the allegations contained in paragraph 299, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

300.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300, except they admit that the Loan Commitment Agreement dated November 7, 2005 was executed by Michael Usuriaga on behalf of Quality.

301.    Defendants admit the allegations contained in paragraph 301.

302.    Defendants deny the allegations contained in paragraph 302, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

303.    Defendants deny the allegations contained in paragraph 303, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

304.    Defendants deny the allegations contained in paragraph 304.

1104470.01

305.    Defendants deny the allegations contained in paragraph 305, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

306.    Defendants deny the allegations contained in paragraph 306, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

307.    Defendants deny the allegations contained in paragraph 307, except Defendants admit that Kennedy received the sum of $110,000.00 on behalf of Quality.

308.    Defendants deny the allegations contained in paragraph 308, except Defendants admit that subsequent to November 7, 2005, the sum of $82,500.00 was received on behalf of Quality.

309.    Defendants deny the allegations contained in paragraph 309, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

310.    Defendants deny the allegations contained in paragraph 310, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

311.    Defendants deny the allegations contained in paragraph 311, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

312.    Defendants deny the allegations contained in paragraph 312, except Defendants admit that the Loan Commitment Agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

36

1104470.01

313.    Defendants deny the allegations contained in paragraph 313, except Defendants admit that Kennedy retained Volpe Real Estate Advisors, Inc. for the purpose of evaluating the collateral.

314.    Defendants deny the allegations contained in paragraph 314, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc.

315.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315, and therefore deny the same, except Defendants admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

316.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316, and therefore deny the same, except Defendants admit that while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

317.    Defendants deny allegations contained in paragraph 317, expect Defendants admit that Bernard Volpe filed an affidavit in Kimball Management, LLC v. Kennedy Funding, Inc., et al., the terms and conditions of which speak for themselves and provide the best evidence of its content.

318.    Defendants deny the allegations contained in paragraph 318, except Defendants admit that entities of which Bernard Volpe is a principal have performed evaluations for Kennedy.

319.    Defendants deny the allegations contained in paragraph 319, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc., which evaluated the collateral.

37

320.   Defendants deny the allegations contained in paragraph 320, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc., which prepared the evaluation of the collateral, and that Bernard Volpe is not an MAI appraiser.

321.   Defendants deny the allegations contained in paragraph 321, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc., which prepared the evaluation of the collateral, and that Bernard Volpe is not an MAI appraiser.

322.   Defendants deny the allegations contained in paragraph 322, except Defendants admit that the evaluation provided by Volpe Real Estate Advisors, Inc. is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

323.   Defendants deny the allegations contained in paragraph 323, except Defendants admit that the letter dated November 16, 2005 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

324.   Defendants deny the allegations contained in paragraph 324, except Defendants admit that each of the appraisers contacted to perform the third party appraisal required approximately four (4) weeks to complete the appraisal.

325.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325, and therefore deny the same.

326.   Defendants deny the allegations contained in paragraph 326, except Defendants admit that the letter dated November 28, 2005 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

327.   Defendants deny the allegations contained in paragraph 327, except Defendants admit that the letter dated November 30, 2005 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

328.   Defendants deny the allegations contained in paragraph 328, except Defendants admit that the letter dated December 1, 2005 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

329.   Defendants deny the allegations contained in paragraph 329, except Defendants admit that Kennedy and Quality modified the terms of the Loan Commitment Agreement by letter agreement dated December 5, 2005, which is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

330.   Defendants deny the allegations contained in paragraph 330, except Defendants admit that Kennedy and Quality modified the terms of the Loan Commitment Agreement by letter agreement dated December 19, 2005, which is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

331.   Defendants deny the allegations contained in paragraph 331.

332.   Defendants deny the allegations contained in paragraph 332.

333.   Defendants deny the allegations contained in paragraph 333, except Defendants admit that due to Quality's failure to provide the documentation necessary to close on the accepted loan offer, the parties discussed the execution of a new Loan Commitment Agreement.

334.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334, except they admit that the Loan Commitment Agreement dated March 6, 2006 was executed by Michael Usuriaga on behalf of Quality.

335.   Defendants deny the allegations contained in paragraph 335, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 was executed by Joseph Wolfer on behalf of Kennedy.

336.    Defendants deny the allegations contained in paragraph 336, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

337.    Defendants deny the allegations contained in paragraph 337, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

338.    Defendants deny the allegations contained in paragraph 338, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

339.    Defendants deny the allegations contained in paragraph 339, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

340.    Defendants deny the allegations contained in paragraph 340, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

341.    Defendants deny the allegations contained in paragraph 341, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

342.    Defendants deny the allegations contained in paragraph 342, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

343.    Defendants deny the allegations contained in paragraph 343, except Defendants admit that Volpe Real Estate Advisors, Inc. reevaluated the collateral.

344.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344, and therefore deny the same.

345.   Defendants deny the allegations contained in paragraph 345, except Defendants admit that the Loan Commitment Agreement dated March 6, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

346.   Defendants deny the allegations contained in paragraph 346, except Defendants admit that the Volpe Real Estate Advisors, Inc. evaluations are writings, the terms and conditions of which speak for themselves and provide the best evidence of their content.

347.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347, and therefore deny the same.

348.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348, and therefore deny the same.

349.   Defendants deny the allegations contained in paragraph 349, except Defendants admit that the Volpe Real Estate Advisors, Inc. evaluation of March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

350.   Defendants deny the allegations contained in paragraph 350, except Defendants admit that the Volpe Real Estate Advisors, Inc. evaluation of March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

351.   Defendants deny the allegations contained in paragraph 351, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

41

352.    Defendants deny the allegations contained in paragraph 352, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

353.    Defendants deny the allegations contained in paragraph 353, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

354.    Defendants deny the allegations contained in paragraph 354, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

355.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355, and therefore deny the same.

356.    Defendants deny the allegations contained in paragraph 356, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

357.    Defendants deny the allegations contained in paragraph 357, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

358.    Defendants deny the allegations contained in paragraph 358, except Defendants admit that the evaluation dated March 13, 2006 is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

359.    Defendants deny the allegations contained in paragraph 359, except Defendants admit that the evaluations prepared by Volpe Real Estate Advisors are writing the terms and conditions of which speak for themselves and provide the best evidence of their content.

360.    Defendants deny the allegations contained in paragraph 360.

361.    Defendants deny the allegations contained in paragraph 361.

362.    Defendants deny the allegations contained in paragraph 362.

363.    Defendants deny the allegations contained in paragraph 363, except Defendants admit that Kennedy received payments on behalf of Quality, required by the Loan Commitment Agreement.

364.    Defendants deny the allegations contained in paragraph 364, except Defendants admit that the Loan Commitment Agreements dated November 7, 2005 and March 6, 2006 are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

365.    Defendants deny the allegations contained in paragraph 365, except Defendants admit that they believed they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing dates contained in the various Loan Commitment Agreements.

366.    Defendants deny the allegations contained in paragraph 366, except Defendants admit that they are experienced in the area of commercial real estate lending, and they admit that the Loan Commitment Agreements are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

367.    Defendants deny the allegations contained in paragraph 367, except Defendants admit that the referenced Loan Commitment Agreements are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

368.    Defendants deny the allegations contained in paragraph 368, except Defendants admit that the referenced Loan Commitment Agreements are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

369.    Defendants deny the allegations contained in paragraph 369, except Defendants admit that the referenced Loan Commitment Agreements are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

370.    Defendants deny the allegations contained in paragraph 370.  Answering further, Defendants state that Quality notified Defendants that it did not wish to proceed with the loan.

371.    Defendants deny the allegations contained in paragraph 371.  Answering further, Defendants state that Quality notified Defendants that it did not wish proceed with the loan.

372.    Defendants deny the allegations contained in paragraph 372.  Answering further, Defendants state that Quality notified Defendants that it did not wish to proceed with the loan.

373.    Defendants deny the allegations contained in paragraph 373, except Defendants admit that the referenced Loan Commitment Agreements are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

374.    Defendants deny the allegations contained in paragraph 374.

## PINE LONG, LLC

375.    Defendants deny the allegations contained in paragraph 375, except Defendants admit that Kennedy and Pine Long, LLC (hereinafter "Pine Long") executed a Loan Commitment which is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

376.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376, and therefore deny the same.

44

377.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377, and therefore deny the same.

378.    Defendants deny the allegations contained in paragraph 378, except Defendants admit that Kennedy was contacted by Billy Herbert.

379.    Defendants deny the allegations contained in paragraph 379, except Defendants admit that the Letter of Interest is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

380.    Defendants deny the allegations contained in paragraph 380, except Defendants admit that the Revised Letter of Interest is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

381.    Defendants deny the allegations contained in paragraph 381, except Defendants admit that the referenced Letter of Interest, the Revised Letter of Interest and the Loan Commitment are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

382.    Defendants deny the allegations contained in paragraph 382, except Defendants admit that the initial draft of the Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

383.    Defendants deny the allegations contained in paragraph 383, except Defendants admit that the second draft of the Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

384.    Defendants deny the allegations contained in paragraph 384, except Defendants admit that the third draft of the Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

45

1104470.01

385. Defendants deny the allegations contained in paragraph 385, except Defendants admit that the proposed Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

386. Defendants deny the allegations contained in paragraph 386, except Defendants admit that proposed Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

387. Defendants deny the allegations contained in paragraph 387, except Defendants admit that Kennedy, Pine Long and Whitaker executed a Loan Commitment dated March 23, 2006.

388. Defendants deny the allegations contained in paragraph 388.

389. Defendants deny the allegations contained in paragraph 389, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

390. Defendants deny the allegations contained in paragraph 390.

391. Defendants deny the allegations contained in paragraph 391, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

392. Defendants deny the allegations contained in paragraph 392, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

393. Defendants deny the allegations contained in paragraph 393, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

46

394.   Defendants deny the allegations contained in paragraph 394, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

395.   Defendants deny the allegations contained in paragraph 395, except Defendants admit that the letter dated March 30, 2006 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

396.   Defendants deny the allegation contained in paragraph 396, except Defendants admit that Pine Long, LLC received a draft preliminary closing checklist.

397.   Defendants deny the allegations contained in paragraph 397, except Defendants admit that the letter of April 4, 2006 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

398.   Defendants deny the allegations contained in paragraph 398, except Defendants admit that the letter of April 28, 2006 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

399.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 399 and therefore deny same.

400.   Defendants deny the allegations contained in paragraph 400, except Defendants admit that the letter of May 3, 2006 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

401.   Defendants deny the allegations contained in paragraph 401, except Defendants admit that the letter of Mary 11, 2006 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

402.   Defendants deny the allegations contained in paragraph 402.

1104470.01

403. Defendants admit the allegations contained in paragraph 403.

404. Defendants deny the allegations contained in paragraph 404, except Defendants admit that the loan commitment is a document the terms and conditions of which speak for themselves provide the best evidence of its content.

405. Defendants deny the allegations contained in paragraph 405, except Defendants admit they believed they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence date contained in the Loan Commitment Agreements.

406. Defendants deny the allegations contained in paragraph 406, except Defendants admit they are experienced in the area of commercial real estate lending, and they admit that the Loan Commitment Agreements are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

407. Defendants deny the allegations contained in paragraph 407, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

408. Defendants deny the allegations contained in paragraph 408, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

409. Defendants deny the allegations contained in paragraph 409, except Defendants admit that Loan Commitment is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

410. Defendants deny the allegations contained in paragraph 410.

411. Defendants deny the allegations contained in paragraph 411.

412. Defendants deny the allegations contained in paragraph 412.

48

413. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413, and therefore deny the same.

414. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414, and therefore deny the same.

415. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415, and therefore deny the same.

416. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416, and therefore deny the same.

417. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417, and therefore deny the same.

418. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418, and therefore deny the same.

419. Defendants deny the allegations contained in paragraph 419.

420. Defendants deny the allegations contained in paragraph 420.

### MOSER-DOWNUM INVESTMENT GROUP, LLC

421. Defendants deny the allegations contained in paragraph 421, except Defendants admit that Kennedy entered into a Loan Commitment with an entity known as Moser-Downum Investment Group, LLC (hereinafter "Moser-Downum").

422. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422, and therefore deny the same.

423. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423, and therefore deny the same.

49

424. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424, and therefore deny the same.

425. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425, and therefore deny the same.

426. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 426, except Defendants admit that Kennedy acknowledges that representatives of Kennedy and representatives of Moser-Downum had conversations concerning the proposed loan transaction.

427. Defendants deny the allegations contained in paragraph 427, except Defendants admit that Kennedy and Moser-Downum executed a loan commitment agreement and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

428. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428, and therefore deny the same.

429. Defendants deny the allegations contained in paragraph 429, except Defendants admit that representatives of Kennedy and representatives of Moser-Downum had conversations subsequent to the execution of the loan commitment agreement regarding the proposed loan.

430. Defendants deny the allegations contained in paragraph 430, except Defendants admit that representatives of Kennedy and representatives of Moser-Downum had conversations subsequent to the execution of the loan commitment agreement regarding the proposed loan.

431. Defendants deny the allegations contained in paragraph 431, except Defendants admit that Defendant Jeffrey Wolfer did indicate in conversations with representatives of Moser-Downum that Kennedy would abide by the terms of the loan commitment agreement.

1104470.01

432. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432, and therefore deny the same.

433. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433, and therefore deny the same.

434. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434, and therefore deny the same, except Defendants admit that Defendant Jeffrey Wolfer did indicate in conversations with representatives of Moser-Downum that Kennedy would abide by the terms of the loan commitment agreement.

435. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 435, and therefore deny the same.

436. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436, and therefore deny the same.

437. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437, and therefore deny the same.

438. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438, and therefore deny the same.

439. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439, and therefore deny the same.

440. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440, and therefore deny the same.

441. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441, and therefore deny the same.

442. Defendants admit the allegations in paragraph 442.

51

443.    Defendants deny the allegations contained in paragraph 443, except Defendants admit that the loan commitment agreement and any amendments thereto are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

444.    Defendants deny the allegations contained in paragraph 444, except Defendants admit that the loan commitment agreement and any amendments thereto are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

445.    Defendants deny the allegations contained in paragraph 445, except Defendants admit that the loan commitment agreement and any amendments thereto are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

446.    Defendants deny the allegations contained in paragraph 446, except Defendants admit that the loan commitment agreement and any amendments thereto are writings the terms and conditions of which speak for themselves and provide the best evidence of their content.

447.    Defendants deny the allegations contained in paragraph 447, except Defendants admit that the loan commitment agreement and any amendments thereto are writings the terms and conditions of which speak for themselves and provide the best evidence of its content.

448.    Defendants deny the allegations contained in paragraph 448, except Defendants admit that Kennedy received the sum of $10,000.00 on or about October 3, 2006.

449.    Defendants deny the allegations contained in paragraph 449, except Defendants admit that on or about October 25, 2006, Kennedy received two sums of $325,000.00 on behalf of Moser-Downum.

450.    Defendants deny the allegations contained in paragraph 450.

52

451. Defendants deny the allegations contained in paragraph 451, except Defendants admit that on or about October 25, 2006, Kennedy received two sums of $325,000 on behalf of Moser-Downum.

452. Defendants deny the allegations contained in paragraph 452, except Defendants admit that on or about December 8, 2006, Kennedy received the sum of $325,000, representing an extension fee on behalf of Moser-Downum in accordance with the terms of the loan commitment agreement and modifications thereto.

453. Defendants deny the allegations contained in paragraph 453.

454. Defendants deny the allegations contained in paragraph 454, except Defendants admit that the loan commitment agreement is a writing the terms and conditions of which speak for themselves and provide the best evidence of its content.

455. Defendants deny the allegations contained in paragraph 455, except Defendants admit that the loan commitment agreement is a writing the terms and conditions of which speak for themselves and provide the best evidence of its content.

456. Defendants deny the allegations contained in paragraph 456, except Defendants admit that the loan commitment agreement is a writing, the terms and conditions of which speak for themselves and provide the best evidence of its content.

457. Defendants deny the allegations contained in paragraph 457, except Defendants admit they believe they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing date contained in the loan commitment agreement.

458. Defendants deny the allegations contained in paragraph 458, except Kennedy admits that it has made many commercial real estate loans.

53

459. Defendants deny the allegations contained in paragraph 459, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

460. Defendants deny the allegations contained in paragraph 460, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

461. Defendants deny the allegations contained in paragraph 461, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

462. Defendants deny the allegations contained in paragraph 462. Answering further, Defendants state that Moser-Downum never accepted a loan offer from Kennedy.

463. Defendants deny the allegations contained in paragraph 463. Answering further, Defendants state that Moser-Downum never accepted a loan offer from Kennedy.

464. Defendants deny the allegations contained in paragraph 464. Answering further, Defendants state that Moser-Downum never accepted a loan offer from Kennedy.

465. Defendants deny the allegations contained in paragraph 465, except Defendants admit that the "pre-closing checklist" is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

466. Defendants deny the allegations contained in paragraph 466, except Defendants admit that the "pre-closing checklist" is a document the terms of which speak for themselves and are the best evidence of its content.

467. Defendants deny the allegations contained in paragraph 467, except Defendants admit that Moser-Downum represented that it was purchasing the collateral.

1104470.01

468.    Defendants deny the allegations contained in paragraph 468, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

469.    Defendants deny the allegations contained in paragraph 469, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

470.    Defendants deny the allegations contained in paragraph 470, except Defendants admit that CB Richard Ellis was retained by Kennedy to provide an evaluation of the collateral as provided for in the loan commitment agreement.

471.    Defendants deny the allegations contained in paragraph 471, except Defendants admit that the evaluation report of CB Richard Ellis and communications relating thereto are documents the terms of which speak for themselves and provide the best evidence of their content.

472.    Defendants deny the allegations contained in paragraph 472, except Defendants admit that the evaluation report of CB Richard Ellis and communications relating thereto are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

473.    Defendants deny the allegations contained in paragraph 473, except Defendants admit that Kennedy provided a loan offer to Plaintiff in the amount of $13,230,000, and Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

474. Defendants deny the allegations contained in paragraph 474, except Defendants admit that Kennedy made a loan offer to Moser-Downum in the amount of $13,230,000, in accordance with the terms of the loan commitment agreement.

475. Defendants deny the allegations contained in paragraph 475.

476. Defendants deny the allegations contained in paragraph 476, except Defendants admit that Moser-Downum never accepted a loan offer from Kennedy.

477. Defendants deny the allegations contained in paragraph 477.

478. Defendants deny the allegations contained in paragraph 478, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Moser-Downum's ability to earn profits, and therefore deny the same.

479. Defendants deny the allegations contained in paragraph 479, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Moser-Downum forfeited any funs, and therefore deny the same.

## RUGGERS ACQUISITION AND DEVELOPMENT, LLC

480. Defendants deny the allegations contained in paragraph 480, except Defendants admit that Kennedy and Ruggers Acquisition and Development, LLC (hereinafter "Ruggers") executed a loan commitment agreement.

481. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481, and therefore deny the same.

482. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482, and therefore deny the same.

483. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483, and therefore deny the same.

56

1104470.01

484. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484, and therefore deny the same.

485. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485, and therefore deny the same.

486. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486, and therefore deny the same.

487. Defendants deny the allegations contained in paragraph 487.

488. Defendants deny the allegations contained in paragraph 488, except Defendants admit that Kennedy had telephone conversations with Ruggers and Ruggers' representatives.

489. Defendants deny the allegations contained in paragraph 489, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

490. Defendants admit the allegations contained in paragraph 490.

491. Defendants deny the allegations contained in paragraph 491, except Defendants admit that Kennedy and Ruggers executed a loan commitment agreement on or about October 10, 2007.

492. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492, and therefore deny the same.

493. Defendants deny the allegations contained in paragraph 493, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

57

494. Defendants deny the allegations contained in paragraph 494, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

495. Defendants deny the allegations contained in paragraph 495, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

496. Defendants deny the allegations contained in paragraph 496, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

497. Defendants deny the allegations contained in paragraph 497, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

498. Defendants deny the allegations contained in paragraph 498, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content, and that Kennedy received the sum of $190,000.00 from Ruggers in connection with the loan commitment agreement and letter of interest.

499. Defendants deny the allegations contained in paragraph 499, except Defendants admit Kennedy received the sum of $190,000.00 on behalf of Ruggers in accordance with the terms of the agreements between the parties.

500. Defendants deny the allegations contained in paragraph 500, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

501.   Defendants deny the allegations contained in paragraph 501, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

502.   Defendants deny the allegations contained in paragraph 502, except Defendants admit they believe they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing date.

503.   Defendants deny the allegations contained in paragraph 503, except Defendants admit that it has made many commercial real estate loans.

504.   Defendants deny the allegations contained in paragraph 504.  Answering further, Defendants state that Ruggers never accepted a loan offer from Kennedy.

505.   Defendants deny the allegations contained in paragraph 505, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

506.   Defendants deny the allegations contained in paragraph 506, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

507.   Defendants deny the allegations contained in paragraph 507.  Answering further, Defendants state that Ruggers never accepted a loan offer from Kennedy.

508.   Defendants deny the allegations contained in paragraph 508.  Answering further, Defendants state that Ruggers never accepted a loan offer from Kennedy.

509.   Defendants deny the allegations contained in paragraph 509.

510. Defendants deny the allegations contained in paragraph 510, except Defendants admit that the pre-closing checklist is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

511. Defendants deny the allegations contained in paragraph 511, except Defendants admit that Ruggers represented that it was purchasing the collateral.

512. Defendants deny the allegations contained in paragraph 512, except Defendants admit that Ruggers represented that Laughlin Ranch, LLC was going to have the option to repurchase the property from Plaintiff.

513. Defendants deny the allegations contained in paragraph 513.

514. Defendants deny the allegations contained in paragraph 514, except Defendants admit that it was represented to Kennedy that David Lords was going to be involved in the transaction.

515. Defendants deny the allegations contained in paragraph 515.

516. Defendants deny the allegations contained in paragraph 516, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

517. Defendants deny the allegations contained in paragraph 517, except Defendants admit that Kennedy retained Volpe Real Estate Advisors, Inc. for the purpose of evaluating the collateral.

518. Defendants deny the allegations contained in paragraph 518, except Defendants admit that Bernard Volpe is a principal of Volpe Real Estate Advisors, Inc.

519. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519, and therefore deny the same, except they admit that

60

while Bernard Volpe is not an MAI appraiser, he has training and experience that enables him to evaluate real property.

520.    With regard to the allegations contained in paragraph 520, Defendants admit that Bernard Volpe filed an affidavit in Kimball Management, LLC v. Kennedy, et al., and aver that such document speaks for itself.

521.    Defendants deny the allegations contained in paragraph 521, except Defendants admit that Bernard Volpe is the individual who prepared the evaluation of the collateral in Ruggers.

522.    Defendants deny the allegations contained in paragraph 522, except Defendants admit that Bernard Volpe is the individual who prepared the evaluation of the collateral in Ruggers, and that he is not an MAI appraiser.

523.    Defendants deny the allegations contained in paragraph 523, except Defendants admit that Volpe Real Estate Advisors, Inc. prepared the evaluation of the collateral in Ruggers.

524.    Defendants deny the allegations contained in paragraph 524, except Defendants admit that the evaluation of Volpe Real Estate Advisors, Inc. is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

525.    Defendants deny the allegations contained in paragraph 525, except Defendants admit that prior to the execution of the loan commitment agreement, Plaintiff produced an evaluation which Kennedy indicated it would not utilize for the purpose of determining the amount of the loan.

526.    Defendants deny the allegations contained in paragraph 526, except Defendants admit that CB Richard Ellis is a company that performs evaluations of commercial real estate.

1104470.01

527. Defendants deny the allegations contained in paragraph 527, except Defendants admit that CB Richard Ellis has evaluated real property for Kennedy.

528. Defendants deny the allegations contained in paragraph 528, except Defendants admit that Kennedy has utilized CB Richard Ellis to evaluate commercial real estate.

529. Defendants deny the allegations contained in paragraph 529, except Defendants admit that the CB Richard Ellis evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

530. Defendants deny the allegations contained in paragraph 530, except Defendants admit that the referenced email is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

531. Defendants admit the allegations contained in paragraph 531.

532. Defendants admit the allegations contained in paragraph 532.

533. Defendants deny the allegations contained in paragraph 533, except Defendants admit that Plaintiff did not accept Kennedy's loan offer prior to October 20, 2006.

534. Defendants deny the allegations contained in paragraph 534, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content, and that Ruggers has failed and refused to pay to Kennedy the balance of the commitment fee.

535. Defendants deny the allegations contained in paragraph 535, except Defendants admit that Ruggers never accepted either Kennedy's original loan offer or the loan offer made pursuant to the third party appraisal process, and, as such, no loan closing occurred.

1104470.01

536. Defendants deny the allegations contained in paragraph 536, except Defendants admit that the certification of Jeffrey Wolfer dated May 4, 2007 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

537. Defendants deny the allegations contained in paragraph 537.

538. Defendants neither admit nor deny the allegations contained in paragraph 538, since it calls for a legal conclusion.

539. Defendants deny the allegations contained in paragraph 539, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

540. Defendants deny the allegations contained in paragraph 540, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

541. Defendants deny the allegations contained in paragraph 541, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

542. Defendants deny the allegations contained in paragraph 542.

### DeRENZY, INC.

543. Defendants deny the allegations contained in paragraph 543, except Defendants admit that DeRenzy, Inc. (hereinafter "DeRenzy") and Kennedy executed a loan commitment agreement.

544. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544, and therefore deny the same.

545. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545, and therefore deny the same.

546. Defendants deny the allegations contained in paragraph 546, except Defendants admit that the letter of interest is a document the terms and conditions of which speak for themselves and provide the best evidence of its content, and they admit receipt of the sum of $9,975.00 in connection with the letter of interest.

547. Defendants admit the allegations contained in paragraph 547.

548. Defendants deny the allegations contained in paragraph 548, except Defendants admit that the third draft of the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

549. Defendants deny the allegations contained in paragraph 549, except Defendants admit that the version of the loan commitment agreement dated November 8, 2004 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

550. Defendants deny the allegations contained in paragraph 550, except Defendants admit that the version of the loan commitment agreement dated March 4, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

551. Defendants deny the allegations contained in paragraph 551, except Defendants admit that the version of the loan commitment agreement dated March 4, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

552. Defendants deny the allegations contained in paragraph 552, except Defendants admit that the letter of March 22, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

553. Defendants deny the allegations contained in paragraph 553, except Defendants admit that Kennedy received the sum of $139,000.00, $10,000.00 of which was for the payment of legal expenses.

554. Defendants deny the allegations contained in paragraph 554.

555. Defendants deny the allegations contained in paragraph 555, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

556. Defendants deny the allegations contained in paragraph 556, except Defendants admit that the closing checklist is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

557. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 557, and therefore deny the same.

558. Defendants deny the allegations contained in paragraph 558, except Defendants admit that the referenced emails are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

559. Defendants deny the allegations contained in paragraph 559, except Defendants admit that the letter of April 13, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

560. Defendants deny the allegations contained in paragraph 560, except Defendants admit that the loan commitment agreement and the evaluation of the collateral are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

561.    Defendants deny the allegations contained in paragraph 561, except Defendants admit that the evaluation of the collateral was prepared by Volpe, Inc., whose principal is Bernard Volpe.

562.    Defendants deny the allegations contained in paragraph 562, except Defendants admit that Bernard Volpe's affidavit is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

563.    Defendants deny the allegations contained in paragraph 563, except Defendants admit that the letter of April 13, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

564.    Defendants deny the allegations contained in paragraph 564, except Defendants admit that the letter of April 15, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

565.    Defendants deny the allegations contained in paragraph 565.  Answering further, Defendants state that Plaintiff did not accept the loan offered by Kennedy.

566.    Defendants deny the allegations contained in paragraph 566, except Defendants admit that the letter of April 15, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

567.    Defendants deny the allegations contained in paragraph 567, except Defendants admit that the loan with DeRenzy, Inc. did not close and that DeRenzy, Inc. has failed to pay the balance of its commitment fee.

568.    Defendants deny the allegations contained in paragraph 568, except Defendants admit that Kennedy extended the loan commitment agreement, awaiting an indication from DeRenzy, Inc. as to how it wished to proceed.

1104470.01

569. Defendants deny the allegations contained in paragraph 569, except Defendants admit that the letter of May 4, 2005 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

570. Defendants deny the allegations contained in paragraph 570, except Defendants admit that the loan to DeRenzy, Inc. did not close, and that DeRenzy, Inc. and Graeme De Renzy have not paid the balance of the commitment fee pursuant to the terms of the loan commitment agreement.

## CONSTRUCCIONES HAUS SOCIEDAD ANONIMA DE CAPITAL VARIABLE

571. Defendants deny the allegations contained in paragraph 571, except Defendants admit that Construcciones Haus Sociedad Anonima De Capital Variable (hereinafter "Construcciones") and Kennedy executed a loan commitment agreement.

572. Defendants deny the allegations contained in paragraph 572, except Defendants admit that Construcciones and Kennedy executed a loan commitment agreement, which loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

573. Defendants deny the allegations contained in paragraph 573, except Defendants admit that Construcciones contacted Kennedy in 2005 for the purpose of obtaining a loan.

574. Defendants admit the allegations contained in paragraph 574.

575. Defendants deny the allegations contained in paragraph 575, except Defendants admit that Kennedy, Construcciones, and Construcciones' representatives had conversations regarding the terms of the loan commitment agreement.

576. Defendants deny the allegations contained in paragraph 576.

67

1104470.01

577. Defendants deny the allegations contained in paragraph 577, except Defendants admit that drafts of the loan commitment agreement were exchanged between Kennedy, Construcciones, and Construcciones' representatives.

578. Defendants deny the allegations contained in paragraph 578, except Defendants admit that a loan commitment agreement was executed on or about February 16, 2006.

579. Defendants deny the allegations contained in paragraph 579.

580. Defendants deny the allegations contained in paragraph 580.

581. Defendants deny the allegations contained in paragraph 581, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

582. Defendants deny the allegations contained in paragraph 582, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

583. Defendants deny the allegations contained in paragraph 583, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

584. Defendants deny the allegations contained in paragraph 584, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

585. Defendants deny the allegations contained in paragraph 585, except Defendants admit that Kennedy received a total of $130,000.00 from or on behalf of Construcciones.

586. Defendants deny the allegations contained in paragraph 586, except Defendants admit that Kennedy received a total of $130,000.00 from or on behalf of Construcciones, and

68

1104470.01

that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

587.    Defendants deny the allegations contained in paragraph 587, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

588.    Defendants deny the allegations contained in paragraph 588, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

589.    Defendants deny the allegations contained in paragraph 589, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

590.    Defendants deny the allegations contained in paragraph 590.

591.    Defendants deny the allegations contained in paragraph 591, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

592.    Defendants deny the allegations contained in paragraph 592, except Defendants admit that no loan was closed with Construcciones.

593.    Defendants deny the allegations contained in paragraph 593, except Defendants admit that it made a loan offer to Construcciones in accordance with the terms of the loan commitment agreement, which loan offer Construcciones failed to accept.

594.    Defendants deny the allegations contained in paragraph 594, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

595.    Defendants deny the allegations contained in paragraph 595, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

596.    Defendants deny the allegations contained in paragraph 596, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

597.    Defendants deny the allegations contained in paragraph 597, except they admit that Kennedy engaged the services of Specialty Real Estate Advisors, Ltd. for the purpose of evaluating the property that was the subject of the loan commitment agreement executed by Construcciones and Kennedy.

598.    Defendants deny the allegations contained in paragraph 598, except they admit that Kennedy engaged the services of Specialty Real Estate Advisors, Ltd. for the purpose of evaluating the property that was the subject of the loan commitment agreement executed by Construcciones and Kennedy.

599.    Defendants deny the allegations contained in paragraph 599, except they admit that Specialty Real Estate Advisors, Ltd. is an entity of which Bernard Volpe is a principal.

600.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600, and therefore deny the same, except Defendants admit that while Bernard Volpe is not a licensed appraiser, he has training and experience which enable him to evaluate real property.

601.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601, and therefore deny the same, except Defendants

70

admit that while Bernard Volpe is not a licensed appraiser, he has training and experience which enable him to evaluate real property.

602.    Defendants deny the allegations contained in paragraph 602, except Defendants admit that Bernard Volpe is a principal of Specialty Real Estate Advisors, Ltd.

603.    Defendants deny the allegations contained in paragraph 603, except Defendants admit that Bernard Volpe is not a licensed appraiser.

604.    Defendants deny the allegations contained in paragraph 604, except Defendants admit that Bernard Volpe is not a licensed appraiser.

605.    Defendants deny the allegations contained in paragraph 605, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluated the collateral with the express consent of Construcciones.

606.    Defendants deny the allegations contained in paragraph 606, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

607.    Defendants deny the allegations contained in paragraph 607, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

608.    Defendants deny the allegations contained in paragraph 608, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

609.    Defendants deny the allegations contained in paragraph 609, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

71

1104470.01

610. Defendants deny the allegations contained in paragraph 610, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

611. Defendants deny the allegations contained in paragraph 611, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

612. Defendants deny the allegations contained in paragraph 612, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

613. Defendants deny the allegations contained in paragraph 613, except Defendants admit that the Specialty Real Estate Advisors, Ltd. evaluation of the collateral is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

614. Defendants deny the allegations contained in paragraph 614, except Defendants admit that it made a loan offer to Construcciones in accordance with the terms of the loan commitment agreement, which loan offer Construcciones failed to accept.

615. Defendants deny the allegations contained in paragraph 615, except Defendants admit that a loan to Construcciones did not close, and that Construcciones has not paid the balance of the commitment fee pursuant to the terms of the loan commitment agreement.

### ROYALE LUAU RESORT, LLC

616. Defendants deny the allegations contained in paragraph 616, except Defendants admit that Royale Luau Resort, LLC (hereinafter "Royale Luau") and Kennedy executed a loan commitment agreement.

72

1104470.01

617.    Defendants deny the allegations contained in paragraph 617, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement that related to certain real property located in Panama City, Florida, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

618.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 618, and therefore deny the same, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

619.    Defendants deny the allegations contained in paragraph 619, except Defendants admit that there were telephone conversations between Kennedy's representatives and Royale Luau's representatives.

620.    Defendants deny the allegations contained in paragraph 620.

621.    Defendants deny the allegations contained in paragraph 621, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

622.    Defendants deny the allegations contained in paragraph 622, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

1104470.01

623.    Defendants deny the allegations contained in paragraph 623, except Defendants admit that the loan commitment agreement and the written communications between the parties speak for themselves and provide the best evidence of their content.

624.    Defendants deny the allegations contained in paragraph 624, except Defendants admit that Kennedy and Royale Luau executed a revised letter of interest and a loan commitment agreement, and that the terms and conditions of those documents speak for themselves and provide the best evidence of their content, and that Kennedy received the sum of $25,000.

625.    Defendants deny the allegations contained in paragraph 625, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement and that the terms and conditions of that document speaks for themselves and provide the best evidence of its content.

626.    Defendants deny the allegations contained in paragraph 626, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement and that the terms and conditions of that document speaks for themselves and provide the best evidence of their content.

627.    Defendants deny the allegations contained in paragraph 627, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement and that the terms and conditions of that document speaks for themselves and provide the best evidence of their content.

628.    Defendants deny the allegations contained in paragraph 628, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of their content.

629. Defendants deny the allegations contained in paragraph 629. Answering further, Defendants state that Royale Luau never accepted a loan offer from Kennedy.

630. Defendants deny the allegations contained in paragraph 630, except Defendants admit that the terms of the referenced document speak for themselves and provide the best evidence of its content.

631. Defendants deny the allegations contained in paragraph 631, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

632. Defendants deny the allegations contained in paragraph 632, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

633. Defendants deny the allegations contained in paragraph 633, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

634. Defendants deny the allegations contained in paragraph 634, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

635. Defendants deny the allegations contained in paragraph 635, except Defendants admit that Kennedy and Royale Luau executed a loan commitment agreement, and that the terms

1104470.01

and conditions of that document speak for themselves and provide the best evidence of its content.

636. Defendants deny the allegations contained in paragraph 636, except they admit that Kennedy engaged the services of Cushman & Wakefield to evaluate the collateral, and that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

637. Defendants deny the allegations contained in paragraph 637, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

638. Defendants deny the allegations contained in paragraph 638, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

639. Defendants deny the allegations contained in paragraph 639, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

640. Defendants deny the allegations contained in paragraph 640, except Defendants admit that Kennedy received the sums of $25,000.00 and $500,000.00, and that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

641. Defendants deny the allegations contained in paragraph 641, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

1104470.01

642. Defendants deny the allegations contained in paragraph 642, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

643. Defendants deny the allegations contained in paragraph 643, except Defendants admit that a closing did not occur.

644. Defendants deny the allegations contained in paragraph 644, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

645. Defendants deny the allegations contained in paragraph 645, except Kennedy admits that it has made many commercial real estate loans.

646. Defendants deny the allegations contained in paragraph 646, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

647. Defendants deny the allegations contained in paragraph 647, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

648. Defendants deny the allegations contained in paragraph 648, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

649. Defendants deny the allegations contained in paragraph 649. Answering further, Defendants state that Royale Luau never accepted a loan offer from Kennedy.

650. Defendants deny the allegations contained in paragraph 650. Answering further, Defendants state that Royale Luau never accepted a loan offer from Kennedy.

1104470.01

651. Defendants deny the allegations contained in paragraph 651.

652. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 652, and therefore deny the same.

653. Defendants deny the allegations contained in paragraph 653, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

654. Defendants deny the allegations contained in paragraph 654, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

655. Defendants deny the allegations contained in paragraph 655, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

656. Defendants deny the allegations contained in paragraph 656, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and are the best evidence of its content.

657. Defendants deny the allegations contained in paragraph 657, except Defendants admit that the loan commitment agreement and the evaluation of Cushman & Wakefield are documents the terms of which speak for themselves and are the best evidence of their content.

658. Defendants deny the allegations contained in paragraph 658, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

1104470.01

659. Defendants deny the allegations contained in paragraph 659, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

660. Defendants deny the allegations contained in paragraph 660, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

661. Defendants deny the allegations contained in paragraph 661, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

662. Defendants deny the allegations contained in paragraph 662, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

663. Defendants deny the allegations contained in paragraph 663, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

664. Defendants deny the allegations contained in paragraph 664, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

665. The statement in paragraph 665 constitutes a statement of Royale Luau's opinion and/or intent, to which no response is required and to which no response is provided.

666. Defendants deny the allegations contained in paragraph 666, except Defendants admit that at some point in time, Royale Luau advised Kennedy that it had entered into a contract to purchase the subject real property and provided to Kennedy a copy of said contract, which

contract is a document the terms of which speak for themselves and are the best evidence of its content.

667. Defendants deny the allegations contained in paragraph 667.

668. Defendants deny the allegations contained in paragraph 668, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

669. Defendants deny the allegations contained in paragraph 669, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

670. Defendants deny the allegations contained in paragraph 670, except Defendants admit that the evaluation of Cushman & Wakefield is a document the terms of which speak for themselves and are the best evidence of its content.

671. Defendants deny the allegations contained in paragraph 671, except Defendants admit that the written communications between the parties are documents the terms of which speak for themselves and are the best evidence of their content, and that there were telephone conversations between Kennedy's representatives and Royale Luau's representatives subsequent to Kennedy's receipt of the Cushman & Wakefield evaluation.

672. Defendants deny the allegations contained in paragraph 672, except Defendants admit that there were telephone conversations between Kennedy's representatives and Royale Luau's representatives subsequent to Kennedy's receipt of the Cushman & Wakefield evaluation.

673. Defendants deny the allegations contained in paragraph 673, except Defendants admit that the referenced writing is a document the terms of which speak for themselves and are the best evidence of its content.

1104470.01

674.    Defendants deny the allegations contained in paragraph 674, except Defendants admit that the referenced writing dated April 19, 2005 is a document the terms of which speak for themselves and are the best evidence of its content.

675.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 675, and therefore deny the same.

676.    Defendants deny the allegations contained in paragraph 676.

677.    Defendants deny the allegations contained in paragraph 677, except Defendants admit that the evaluation of Cushman & Wakefield and the correspondence between the parties are documents the terms of which speak for themselves and are the best evidence of their content.

678.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 678, and therefore deny the same.

679.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 679, and therefore deny the same.

680.    Defendants deny the allegations contained in paragraph 680, except Defendants admit that the referenced written communication is a document the terms of which speak for themselves and are the best evidence of its content.

681.    Defendants deny the allegations contained in paragraph 681, except Defendants admit that the referenced written communication is a document the terms of which speak for themselves and are the best evidence of its content.

682.    Defendants deny the allegations contained in paragraph 682.

683.    Defendants deny the allegations contained in paragraph 683.

1104470.01

684. Defendants deny the allegations contained in paragraph 684, except Defendants admit that Kennedy offered Royale Luau a loan in the amount of $10.7 million.

685. Defendants deny the allegations contained in paragraph 685.

686. Defendants deny the allegations contained in paragraph 686.

687. Defendants deny the allegations contained in paragraph 687, except Defendants admit that the loan commitment agreement and the written communications regarding the same are documents the terms of which speak for themselves and are the best evidence of their content.

## OMNI CREDIT ALLIANCE, INC.

688. Defendants deny the allegations contained in paragraph 688, except Defendants admit that Omni Credit Alliance, Inc. and Kennedy executed a loan commitment agreement.

689. Defendants admit the allegations contained in paragraph 689.

690. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 690, and therefore deny the same.

691. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 691, and therefore deny the same, except they admit that Kennedy entered into a loan commitment agreement with Omni Credit Alliance, Inc., the terms of which speak for themselves and provide the best evidence thereof.

692. Defendants deny the allegations contained in paragraph 692, except Defendants admit that Omni Credit Alliance, Inc. and its principal had conversations with Jeffrey Wolfer.

693. Defendants deny the allegations contained in paragraph 693, except Defendants admit that on or about November 14, 2002, Omni Credit Alliance, Inc. executed a loan commitment agreement with Kennedy.

1104470.01

694. Defendants admit the allegations contained in paragraph 694.

695. Defendants deny the allegations contained in paragraph 695, except Defendants admit that the loan commitment agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

696. Defendants deny the allegations contained in paragraph 696, except Defendants admit that Omni Credit Alliance, Inc. paid sums to Kennedy in the amounts of $10,000.00 and $250,000.00.

697. Defendants deny the allegations contained in paragraph 697, except Defendants admit that Omni Credit Alliance, Inc. paid sums to Kennedy in the amounts of $10,000.00 and $250,000.00.

698. Defendants deny the allegations contained in paragraph 698, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

699. Defendants deny the allegations contained in paragraph 699, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

700. Defendants deny the allegations contained in paragraph 700, except Defendants admit that Kennedy entered into a loan commitment agreement with Omni Credit Alliance, Inc., the terms of which speak for themselves and provide the best evidence thereof.

701. Defendants deny the allegations contained in paragraph 701, except Defendants aver that Omni Credit Alliance, Inc. proposed as collateral, notwithstanding the terms of the loan commitment agreement, Zero Coupon United States Treasury Strips.

702. Defendants deny the allegations contained in paragraph 702.

83

703. Defendants deny the allegations contained in paragraph 703, except Defendants admit that Zero Coupon United States Treasury Strips are AAA rated by Standard & Poor.

704. Defendants deny the allegations contained in paragraph 704, except Defendants admit that the referenced testimony speaks for itself and provides the best evidence of its content.

705. Defendants deny the allegations contained in paragraph 705.

706. Defendants deny the allegations contained in paragraph 706, except Defendants aver that although Kennedy did not have the sum of $25,000,000 in its accounts on the date the loan to Omni Credit Alliance, Inc. was scheduled to close, it was not required to have such funds in its accounts pursuant to the loan commitment agreement, and they aver that Kennedy did have access to the funds necessary to make a $25,000,000 loan to Omni Credit Alliance, Inc. on the date the loan was scheduled to close.

707. Defendants deny the allegations contained in paragraph 707.

708. Defendants deny the allegations contained in paragraph 708.

709. Defendants deny the allegations contained in paragraph 709.

710. Defendants deny the allegations contained in paragraph 710.

711. Defendants deny the allegations contained in paragraph 711, except Defendants admit that the opinion of the Honorable Peter G. Sheridan, U.S.D.J. is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

712. Defendants deny the allegations contained in paragraph 712, except Defendants admit that the opinion of the Honorable Peter G. Sheridan, U.S.D.J. is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

713. Defendants deny the allegations contained in paragraph 713, except Defendants admit that the opinion of the Honorable Peter G. Sheridan, U.S.D.J. is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

## JM REALTY & INVESTMENTS, LLC[1]

714. Defendants deny the allegations contained in paragraph 714.

715. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 715, and therefore deny the same.

716. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 716, and therefore deny the same.

717. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 717, and therefore deny the same, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

718. Defendants deny the allegations contained in paragraph 718.

719. Defendants deny the allegations contained in paragraph 719, except Defendants admit that an individual representing himself as a principal of JM Realty & Investments, LLC had conversations with a representative of Kennedy.

720. Defendants deny the allegations contained in paragraph 720.

721. Defendants deny the allegations contained in paragraph 721, except Defendants admit that a loan commitment agreement between J&M Development and Kennedy was executed on or about June 1, 2005.

---

[1] The allegations contained in paragraphs 714 through 760 were part of a lawsuit which was tried before a jury in the United States District Court, District of New Jersey, in which final judgment was entered in favor of the Defendants, Kennedy Funding, Inc. and Jeffrey Wolfer, as to all claims, and which final judgment Plaintiff did not appeal.

1104470.01

722.    Defendants deny the allegations contained in paragraph 722, except Defendants admit that the loan commitment agreement is an agreement to which JM Realty & Investments, LLC was not a party, and that the terms and conditions of the document speak for themselves and provide the best evidence of its content.

723.    Defendants deny the allegations contained in paragraph 723. Answering further, Defendants state that J&M Development never accepted a loan offer from Kennedy.

724.    Defendants deny the allegations contained in paragraph 724, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

725.    Defendants deny the allegations contained in paragraph 725, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

726.    Defendants deny the allegations contained in paragraph 726, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

727.    Defendants deny the allegations contained in paragraph 727, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

728.    Defendants deny the allegations contained in paragraph 728, except Defendants admit that a loan closing did not occur.

729.    Defendants deny the allegations contained in paragraph 729, except Defendants admit that they received the sum of $70,000.00 on or about June 1, 2005.

86

1104470.01

730.    Defendants deny the allegations contained in paragraph 730, except Defendants admit that they received the sum of $120,000.00 on or about June 7, 2005.

731.    Defendants deny the allegations contained in paragraph 731, except Defendants admit that the payments identified above represent payments required pursuant to the loan commitment agreement between Kennedy and J&M Development, and they admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

732.    Defendants deny the allegations contained in paragraph 732, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

733.    Defendants deny the allegations contained in paragraph 733, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

734.    Defendants deny the allegations contained in paragraph 734, except Defendants admit they believe they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing date.

735.    Defendants deny the allegations contained in paragraph 735, except Defendants admit Kennedy executed a loan commitment agreement with J&M Development, the terms and conditions of which speak for themselves and provide the best evidence of its content.

736.    Defendants deny the allegations contained in paragraph 736, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

87

737.    Defendants deny the allegations contained in paragraph 737, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

738.    Defendants deny the allegations contained in paragraph 738.  Answering further, Defendants state that J&M Development never accepted a loan offer from Kennedy.

739.    Defendants deny the allegations contained in paragraph 739.  Answering further, Defendants state that J&M Development never accepted a loan offer from Kennedy.

740.    Defendants deny the allegations contained in paragraph 740, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

741.    Defendants deny the allegations contained in paragraph 741, except Defendants admit that the referenced extension is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

742.    Defendants deny the allegations contained in paragraph 742, except Defendants admit that the referenced extension is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

743.    Defendants deny the allegations contained in paragraph 743.

744.    Defendants deny the allegations contained in paragraph 744, except Defendants admit that the preliminary closing checklist is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

745.    Defendants deny the allegations contained in paragraph 745, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

746. Defendants deny the allegations contained in paragraph 746, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

747. Defendants deny the allegations contained in paragraph 747, except Defendants admit that Kennedy engaged the services of Cushman & Wakefield to evaluate the collateral in accordance with the terms and conditions of the loan commitment agreement executed by Kennedy and J&M Development.

748. Defendants deny the allegations contained in paragraph 748, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

749. Defendants deny the allegations contained in paragraph 749, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

750. Defendants deny the allegations contained in paragraph 750, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

751. Defendants deny the allegations contained in paragraph 751, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

752. Defendants deny the allegations contained in paragraph 752, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

753. Defendants deny the allegations contained in paragraph 753, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

754. Defendants deny the allegations contained in paragraph 754, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

755. Defendants deny the allegations contained in paragraph 755, except Defendants admit that the Cushman & Wakefield evaluation is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

756. Defendants deny the allegations contained in paragraph 756, except Defendants admit that the referenced e-mail is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

757. Defendants deny the allegations contained in paragraph 757.

758. The allegations contained in paragraph 758 constitute an opinion of a non-party to the subject transaction, to which no response is required and to which no response is provided.

759. Defendants deny the allegations contained in paragraph 759, except Defendants admit that the loan commitment agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

760. Defendants deny the allegations contained in paragraph 760.

1104470.01

## COUNT ONE
### (Racketeer Influenced Corrupt Organization Act)

761.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

762.    With regard to the allegations contained in paragraph 762, Defendants state that the New Jersey statutes speak for themselves.

763.    Defendants deny the allegations contained in paragraph 763.

764.    Defendants deny the allegations contained in paragraph 764.

765.    Defendants deny the allegations contained in paragraph 765.

766.    Defendants deny the allegations contained in paragraph 766.

767.    Defendants deny the allegations contained in paragraph 767.

768.    Defendants deny the allegations contained in paragraph 768.

769.    The statements contained in paragraph 769 constitute a legal conclusion; Defendants deny same and leave Plaintiff to its proofs.

770.    Defendants deny the allegations contained in paragraph 770.

771.    Defendants deny the allegations contained in paragraph 771.

772.    Defendants deny the allegations contained in paragraph 772.

773.    With regard to the allegations contained in paragraph 773, Defendants state that the New Jersey statutes speak for themselves.

774.    Defendants deny the allegations contained in paragraph 774, except they admit that Kennedy and Plaintiff executed a Loan Commitment, the terms and conditions of which speak for themselves and provide the best evidence of its content.

1104470.01

775. Defendants deny the allegations contained in paragraph 775, except they admit that Kennedy and Plaintiff executed a Loan Commitment, the terms and conditions of which speak for themselves and provide the best evidence of its content.

776. Defendants deny the allegations contained in paragraph 776.

777. Defendants deny the allegations contained in paragraph 777.

778. Defendants deny the allegations contained in paragraph 778.

779. Defendants deny the allegations contained in paragraph 779.

780. Defendants deny the allegations contained in paragraph 780.

781. With regard to the allegations contained in paragraph 781, Defendants state that the New Jersey statutes speak for themselves.

782. Defendants deny the allegations contained in paragraph 782.

783. Defendants deny the allegations contained in paragraph 783.

784. Defendants deny the allegations contained in paragraph 784.

785. Defendants deny the allegations contained in paragraph 785.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT TWO
### (Unjust Enrichment)

786. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

787. Defendants deny the allegations contained in paragraph 787.

788. Defendants deny the allegations contained in paragraph 788.

789. Defendants deny the allegations contained in paragraph 789.

92

1104470.01

790.   Defendants deny the allegations contained in paragraph 780.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

### AS TO COUNT THREE
### (Unjust Enrichment)

791.   Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

792.   Defendants deny the allegations contained in paragraph 792.

793.   Defendants deny the allegations contained in paragraph 793.

794.   Defendants deny the allegations contained in paragraph 794.

795.   Defendants deny the allegations contained in paragraph 795.

796.   Defendants deny the allegations contained in paragraph 796.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

### AS TO COUNT FOUR
### (Breach of Contract)

797.   Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

798.   Defendants deny the allegations contained in paragraph 798, except Defendants admit that the agreements executed at closing are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

799.   Defendants deny the allegations contained in paragraph 799, except Defendants admit that interest was prepaid by Plaintiff at closing.

800.   Defendants deny the allegations contained in paragraph 800.

801.   Defendants deny the allegations contained in paragraph 801.

802.   Defendants admit the allegations contained in paragraph 802.

803.   Defendants deny the allegations contained in paragraph 803, except Defendants admit that Kennedy has made all construction advances required to be made pursuant to the terms and conditions of the loan documents.

804.   Defendants deny the allegations contained in paragraph 804.

805.   Defendants deny the allegations contained in paragraph 805.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT FIVE
### (Breach of the Covenant of Good Faith and Fair Dealing)

806.   Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

807.   The allegations contained in paragraph 807 constitute a legal conclusion; Defendants deny same and leave Plaintiff to its proofs.

808.   Defendants deny the allegations contained in paragraph 808.

809.   Defendants deny the allegations contained in paragraph 809.

810.   Defendants deny the allegations contained in paragraph 810.

94

1104470.01

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT SIX
### (Common Law Fraud)

811. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

812. Defendants deny the allegations contained in paragraph 812, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

813. Defendants deny the allegations contained in paragraph 813, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

814. Defendants deny the allegations contained in paragraph 814, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

815. Defendants deny the allegations contained in paragraph 815, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

816. Defendants deny the allegations contained in paragraph 816, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

1104470.01

817.    Defendants deny the allegations contained in paragraph 817, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

818.    Defendants deny the allegations contained in paragraph 818, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

819.    Defendants deny the allegations contained in paragraph 819.

820.    Defendants deny the allegations contained in paragraph 820.

821.    Defendants deny the allegations contained in paragraph 821.

822.    Defendants deny the allegations contained in paragraph 822.

823.    Defendants deny the allegations contained in paragraph 823.

824.    Defendants deny the allegations contained in paragraph 824.

825.    Defendants deny the allegations contained in paragraph 825.

826.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 826, and therefore deny the same.

827.    Defendants deny the allegations contained in paragraph 827.

828.    The statements contained in paragraph 828 constitute a legal conclusion; Defendants deny same and leave Plaintiff to its proofs.

829.    Defendants deny the allegations contained in paragraph 829.

830.    Defendants deny the allegations contained in paragraph 830.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

1104470.01

## AS TO COUNT SEVEN
### (New Jersey's Consumer Fraud Statute)

831. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

832. Defendants deny the allegations contained in paragraph 832.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT EIGHT
### (Illusory Contract)

833. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

834. Defendants admit the allegations contained in paragraph 834.

835. Defendants deny the allegations contained in paragraph 835, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

836. Defendants deny the allegations contained in paragraph 836, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

837. Defendants deny the allegations contained in paragraph 837, except Defendants admit that the loan documents are documents the terms and conditions of which speak for themselves and provide the best evidence of their content.

838. Defendants deny the allegations contained in paragraph 838.

839. Defendants deny the allegations contained in paragraph 839.

97

1104470.01

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT NINE
### (Void Option Contract)

840. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

841. Defendants deny the allegations contained in paragraph 841.

842. Defendants deny the allegations contained in paragraph 842.

843. Defendants deny the allegations contained in paragraph 843.

844. Defendants deny the allegations contained in paragraph 844.

845. Defendants deny the allegations contained in paragraph 845.

846. Defendants deny the allegations contained in paragraph 846.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT TEN
### (Declaratory Judgment)

847. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

848. Defendants deny the allegations contained in paragraph 848.

849. Defendants deny the allegations contained in paragraph 849.

850. Defendants deny the allegations contained in paragraph 850.

851. Defendants deny the allegations contained in paragraph 851.

1104470.01

852. Defendants deny the allegations contained in paragraph 852.

853. Defendants deny the allegations contained in paragraph 853.

854. Defendants deny the allegations contained in paragraph 854.

855. Defendants deny the allegations contained in paragraph 855.

856. Defendants deny the allegations contained in paragraph 856.

857. Defendants deny the allegations contained in paragraph 857.

858. Defendants deny the allegations contained in paragraph 858.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT ELEVEN
### (Unconscionable Contract)

859. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

860. Defendants deny the allegations contained in paragraph 860.

861. Defendants deny the allegations contained in paragraph 861.

862. Defendants deny the allegations contained in paragraph 862.

863. Defendants deny the allegations contained in paragraph 863.

864. Defendants state that the allegations of paragraph 864 constitute statements of the opinions of Plaintiff, to which no response is required and to which no response is provided. To the extent a response is required, Defendants deny the allegations.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

1104470.01

## AS TO COUNT TWELVE
### (Fraud in the Inducement)

865.    Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

866.    Defendants deny the allegations contained in paragraph 866.

867.    Defendants deny the allegations contained in paragraph 867.

868.    Defendants deny the allegations contained in paragraph 868.

869.    Defendants deny the allegations contained in paragraph 869.

870.    Defendants deny the allegations contained in paragraph 870.

871.    Defendants deny the allegations contained in paragraph 871.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT THIRTEEN
### (Specific Performance)

872.    Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

873.    Defendants deny the allegations contained in paragraph 873, except Defendants admit that the loan documents are binding agreements and that the terms and conditions of the documents speak for themselves and provide the best evidence of their content.

874.    Defendants deny the allegations contained in paragraph 874, except Defendants admit that the loan documents are binding agreements and that the terms and conditions of the documents speak for themselves and provide the best evidence of their content.

875.    Defendants deny the allegations contained in paragraph 875.

1104470.01

876. Defendants deny the allegations contained in paragraph 876. Answering further, co-lenders have advanced funds to the Plaintiff when warranted under the terms of the loan documents.

877. Defendants deny the allegations contained in paragraph 877.

878. Defendants deny the allegations contained in paragraph 878.

879. Defendants deny the allegations contained in paragraph 879.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT FOURTEEN
### (Conversion)

880. Defendants repeat and re-allege each of the answers set forth hereinabove as if set forth at length herein.

881. Defendants deny the allegations contained in paragraph 881, except Defendants admit that the loan documents are binding agreements and that the terms and conditions of the documents speak for themselves and provide the best evidence of their content.

882. Defendants deny the allegations contained in paragraph 882, except Defendants admit that the loan documents are binding agreements and that the terms and conditions of the documents speak for themselves and provide the best evidence of their content.

883. Defendants deny the allegations contained in paragraph 883.

884. Defendants deny the allegations contained in paragraph 884.

885. Defendants deny the allegations contained in paragraph 885.

886. Defendants deny the allegations contained in paragraph 886.

887. Defendants deny the allegations contained in paragraph 887.

101

1104470.01

WHEREFORE, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

And as for separate defenses, and without conceding that they have the burden of proof or persuasion with respect to any such defenses, Defendants aver as follows:

1. Each count of the Complaint directed against the Defendants fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of estoppel.

3. Plaintiff's claims are barred by the doctrine of waiver.

4. Plaintiff's claims are barred by the statute of frauds.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claims fail to state a claim for attorneys' fees.

7. Plaintiff has failed to allege with particularity any alleged fraud against any of the Defendants.

8. Plaintiff did not reasonably rely on any purported misrepresentations or omissions allegedly made by any of the Defendants.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with its obligations under the loan documents.

10. Plaintiff's claims are barred, in whole or in part, by the occurrence or non-occurrence of certain contingent events, over which Defendants had no control.

11. Defendants did not breach any duties or obligations of any kind, whether arising from common law, statute, contract, or otherwise.

102

12. Any injuries or damages for which the Plaintiff seeks recovery are the proximate result of the actions and/or negligence of other persons or entities, their agents, employees, and/or affiliates, over whom Defendants had no control and for whose actions Defendants were not responsible or liable.

13. Plaintiff has failed to mitigate any damages allegedly sustained by it in an appropriate and/or timely manner, and has otherwise incurred damages as a consequence of its own actions and/or inaction, for which Defendants are not responsible or liable.

14. Defendants acted in good faith at all times relevant to the allegations in the Complaint.

15. Defendants owed no statutory or other duty to Plaintiff, and, in any event, Defendants deny violating any such duty to the extent one is determined to have been owed.

16. At all times, all Defendants conducted themselves in full compliance with all applicable law, which compliance bars recovery under the claims asserted in the Complaint.

17. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Jeffrey Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

18. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Kevin Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

19. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Gregg Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

103

20.     Defendants' actions were and continue to be protected by the Business Judgment Rule.

21.     Plaintiff has not suffered any loss or damage as a result of any actions of Defendants, and, in any event, any such loss or damage which may have been sustained is de minimus, remote, speculative and/or transient, and hence is not cognizable at law.

22.     Defendants relied upon, and had a right to rely upon, the authority of other responsible parties to conduct their activities in a reasonable manner, and in compliance with all applicable laws and regulations.

23.     The loan agreements executed by Plaintiff do not fall within the scope of the New Jersey Consumer Fraud Act.

24.     The loan agreements executed by Plaintiff do not constitute merchandise within the meaning of the New Jersey Consumer Fraud Act.

25.     The Plaintiff's negotiation and execution of the loan agreement alleged in its Complaint was not a consumer transaction within the meaning or purpose of the New Jersey Consumer Fraud Act.

26.     Defendants assert each and every defense available to them under 18 U.S.C. §1961 et seq. and N.J.S.A. 2C:41-1 et seq.

27.     Plaintiff has failed to plead its RICO claims with sufficient particularity.

28.     Plaintiff cannot establish a pattern of racketeering activity.

29.     Plaintiff's RICO claim is barred because it has not alleged an injury to its business or property "by reason of" a RICO violation.

30.     Plaintiff's RICO claim is barred because it has not properly alleged and cannot establish a RICO "enterprise."

31.    Plaintiff does not have standing to assert its RICO claim.

32.    None of the Defendants participated in the operation or management of the purported RICO enterprise.

33.    Defendants committed no predicate acts pursuant to 18 U.S.C. §1961 et seq. or N.J.S.A. 2C:41-1 et seq.

34.    Plaintiff's RICO claim is barred because it has not adequately identified an enterprise.

35.    Plaintiff's RICO claim is barred because Defendants cannot simultaneously be the enterprise and a RICO defendant.

36.    At all times material hereto, Plaintiff commenced, used and now continues to assert allegations in its Complaint of record herein as against Defendants for the purpose of harassing, oppressing, delaying and maliciously injuring them, knew or should have known that its allegations and the Complaint were and are wholly lacking any legal or factual basis whatsoever, and further were without any good faith basis to alter or modify existing law of the State of New Jersey, all in violation of the New Jersey Frivolous Suit Statute, N.J.S.A. 2A:15-59.1, et seq. Accordingly, the Plaintiff's Complaint against Defendants should and must be dismissed in its entirety, entitling Defendants to an award of all reasonable attorneys' fees and litigation costs incurred or to be incurred in connection with their defense of the Complaint.

1104470.01

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendants, Kennedy Funding, Inc.,
Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

By: _____
ALAN S. NAAR

DATED: April 28, 2009


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information, and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendants, Kennedy Funding, Inc.,
Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

By: _____
ALAN S. NAAR

DATED: April 28, 2009

1104470.01