UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST FORK INVESTMENT GROUP, et al., | : : : : |
| Plaintiff, | : : |
| v. | Honorable Madeline Cox Arleo : : Civil Action No. 09-1193 (SDW) |
| KENNEDY FUNDING, INC., et al., | : : |
| Defendant. | : : |
| HIGH GROVE DEVELOPMENT, et al., | : : |
| Plaintiff, | : : |
| v. | Civil Action No. 09-1361 (PGS) : : |
| KENNEDY FUNDING, INC., et al., | : : |
| Defendant. | REPORT & RECOMMENDATION : |

## BACKGROUND

On March 17, 2009, Plaintiff East Fork Investment Group, LLC ("East Fork") filed this action against defendants Kennedy Funding, Inc. ("Kennedy"), Jeffrey Wolfer and Greg Wolfer. The Complaint alleges breach of contract and fraud stemming from a failed loan transaction. Defendants thereafter timely filed an Answer and the Court entered a Discovery Order on July 15, 2009. On September 9, 2009, the Court entered a Consent Order consolidating for discovery purposes only the East Fork action with a related action filed by High Grove Development, LLC ("High Grove LLC") against the same defendants, bearing Civil Action No. 09-1361. Discovery proceeded in the normal course and all parties were represented by counsel.

On February 15, 2010, counsel for plaintiff, Greg D. Trautman, Esq. of Trautman &

1

Associates filed a motion to be relieved as counsel in both East Fork and High Grove. In both actions, the motion was unopposed. By Order dated March 9, 2011 (Docket No. 68) and Order dated March 22, 2011 (Civil Action No. 09-1361, Docket Entry 46), the Court granted the motion to be relieved in both cases. The Order set a status conference for March 31, 2011 and advised plaintiffs that since they are corporate entities, they must be represented by a member of the Bar.

On March 31, 2011, no one appeared on behalf of East Fork or High Grove. Accordingly, the Court entered an Order to Show Cause returnable on Monday, April 18, 2011 at 11:30 a.m why sanctions should not be imposed for failure to participate in a court-ordered conference (Docket No. 73). The Order to Show Cause specifically advised that failure to appear could result in sanctions pursuant to Fed.R.Civ.P. 16(f). Before the return date of the Order to Show Cause, the Court received the certified letter return stating that the address for East Fork and High Grove was now 1282 N. Main Street, Anderson, South Carolina. Thereafter, the Court sent the Order to both entities at the Anderson, South Carolina address. (Docket No. 74).

No one appeared at the return date of the Order to Show Cause. To date, no one has contacted the Court on behalf of East Fork or High Grove.

**DISCUSSION**

Plaintiffs' failure to prosecute this action and attend Court ordered scheduling conferences requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was

2

willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. At 868. The Court is required to balance each factor in its analysis.

1.  The Extent of the Party's Personal Responsibility

Since the Motion to Be Relieved was filed, plaintiffs have demonstrated an unwillingness to prosecute this action. Their failure to comply with the Orders of this Court and attend court ordered conferences demonstrates their personal lack of responsibility in prosecuting this action. They were served with an Order to Show Cause at their last know address and the forwarding address, but failed to appear or otherwise notify the Court. They did not oppose the Motion to Relieve filed by counsel, but failed to retain new counsel or otherwise appear. Accordingly, such conduct weighs in favor of dismissal.

2.  Prejudice to the Adversary

Plaintiffs' failure to retain new counsel and have that attorney attend Court ordered conferences, or otherwise respond to Court orders has made it nearly impossible for the Court to determine plaintiffs' interest in pursuing this action, allow discovery to proceed, or for dispositive motions to be filed. I am satisfied that defendants have been prejudiced by plaintiffs' failure to prosecute this case and comply with this Court's Orders.

3.  A History of Dilatoriness

Plaintiffs' inaction indicates a pattern of non-compliance. As noted above, they did not oppose the motion to be relieved. They have failed to appear in Court, and made no attempt to contact the Court, on two separate occasions, despite a clear warning that sanctions could be imposed. There is a history of dilatoriness here.

4.  Whether the Attorney's Conduct was Willful or in Bad Faith

The fourth <u>Poulis</u> factor, focusing on attorney conduct, does not apply here since counsel has been relieved.

5.   Alternative Sanctions

Alternative sanctions would not be appropriate.  Plaintiffs have demonstrated an apparent lack of desire to continue prosecuting this civil action.

6.   Meritoriousness of the Claim

Finally, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice.  It is not necessary for all of the <u>Poulis</u> factors to be satisfied in order to enter a dismissal.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, plaintiffs have failed both to prosecute this action and to comply with the Orders of this Court.  As such, discovery cannot proceed and a final pretrial conference cannot be scheduled.  Therefore, the sanction of dismissal is merited.

**CONCLUSION**

For the reasons set forth above, I recommend that plaintiffs' Complaint be dismissed with prejudice.  The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

DATED: May 2, 2011